266

## KURN v. JARRETT.
### No. 9806.

Circuit Court of Appeals, Sixth Circuit.

Dec. 15, 1944.

Canada, Russell & Turner, of Memphis, Tenn., for appellant.

R. G. Draper, of Memphis, Tenn., for appellee.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

## In re ROE.
### No. 8657.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 7, 1944.

Decided Dec. 14, 1944.

Henry W. Parker, of New York City (John I. O'Neill, of Jersey City, N. J., on the brief), for appellant.

Albert Freeman, of Newark, N. J. (Bernard Hellring, of Newark, N. J., of counsel; Coult, Satz, Morse & Coult, of Newark, N. J., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and FAKE, District Judge.

PER CURIAM.

In this case a creditor of the bankrupt claims error on the part of the District Court of New Jersey in affirming an or-

der of the referee discharging the bankrupt over the creditor's objections. The creditor claims that the discharge should not have been granted because the bankrupt committed an offense punishable by imprisonment, § 14, sub. c, 11 U.S.C.A. § 32, sub. c, by having made a false oath, § 29, sub. b, 11 U.S.C.A. § 52, sub. b. Whether the bankrupt was guilty of conscious falsification is a question of fact. Creditor claimed he was, in one instance for failing to disclose an interest in an exempt Pension Fund among his assets and, secondly, in failing to give a correct disclosure of his indebtedness in applying for credit. The referee and the District Court decided against the creditor's contentions. We cannot say that this conclusion was clearly erroneous and the order appealed from is, therefore, affirmed.